**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASSOCIATED BUILDERS AND CONTRACTORS, INC., NEW JERSEY CHAPTER, et al., <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>CITY OF JERSEY CITY, NEW JERSEY, <br><br>　　　　　Defendant, <br><br>and <br><br>HUDSON COUNTY BUILDING AND CONSTRUCTION TRADES COUNCIL <br><br>　　　　　Intervenor – Defendant. | Civil Action No: 14-5445 (SDW) (SCM) <br><br><br>**OPINION** <br><br><br>June 15, 2017 |

**WIGENTON**, District Judge.

Before this Court is Plaintiffs Associated Builders and Contractors, New Jersey Chapter ("ABC-NJ"), GMP Contractors ("GMP"), Alpine Painting and Sandblasting ("Alpine"), Alper Enterprises, Inc. ("Alper"), and Ron Vasilik's ("Vasilik") (collectively, "Plaintiffs") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion for Judgment on the Pleadings is **GRANTED**.

**I. BACKGROUND AND PROCEDURAL HISTORY**

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will only summarize that which is relevant to the instant motion. On August 3, 2015, this Court dismissed Plaintiffs' Complaint, which alleges that a City Ordinance (the "PLA Ordinance") imposing certain restrictions on contractors who receive tax abatements on qualifying redevelopment projects is preempted by federal law. Specifically, the PLA Ordinance requires all contractors to enter into a "Project Labor Agreement" ("PLA"), which is defined as "a contract between a labor organization and a developer" that contains various requirements.[1] (Compl. ¶ 10.)

This Court concluded that the PLA Ordinance was not preempted because Defendant Jersey City ("Jersey City") acted as a market participant while enforcing it, and therefore preemption analysis did not apply. In December 2015, Plaintiffs appealed this decision. *See Associated Builders & Contractors Inc. New Jersey Chapter v. City of Jersey City, New Jersey*, 836 F.3d 412, 416 (3d Cir. 2016). The sole question the Third Circuit addressed was whether Jersey City was properly deemed as a market participant or a regulator in its enforcement of the

---

[1] The PLA Ordinance identifies several provisions that must be included in any negotiated PLA before a project is approved for tax abatement, including: 1) guaranteeing the absence of "strikes, lockouts, or other similar actions"; 2) establishing procedures to resolve labor disputes that arise before the project's completion; and 3) binding all contractors and subcontractors on the project to the PLA. (Compl., Ex. A, § 304-35.) To provide training for Jersey City construction apprentices, the PLAs also require a federally registered apprenticeship program through which Jersey City apprentices would perform "twenty percent [] of the labor hours required" for the project unless there are not enough Jersey City apprentices available ("Apprenticeship Program"). (*Id.*)

PLA Ordinance. *Id*. at 416. On June 8, 2016, the Third Circuit concluded that Jersey City was acting as a regulator and remanded the case back to this Court for further proceedings.[2] *Id*. at 421.

On February 17, 2017 Plaintiffs filed the instant motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). They ask this Court to enjoin Jersey City from enforcing the PLA Ordinance on any tax-abated project because, they argue, it is preempted under the National Labor Relations Act ("NLRA") and the Employee Retirement Income Security Act ("ERISA"), as well as unconstitutional on its face under the dormant Commerce Clause. (Pls.' Br. at 2.) Jersey City and Intervener – Defendant Hudson County Building and Construction Trades Council ("Hudson County") (collectively "Defendants") filed their Opposition Briefs on April 3, 2017. Plaintiffs submitted a Reply Brief on April 21, 2017.

## II.   LEGAL STANDARD

When examining a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the court examines the pleadings in the same manner as it would a Rule 12(b)(6) motion to dismiss. *Rosenau v. Unifund Corp*., 539 F.3d 218, 221 (3d Cir. 2008). The court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id*. Judgment may only be granted if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id*. The court may rely only on the pleadings and documents integral to or relied on by the complaint. *Mele v. Federal Reserve Bank of N.Y*., 359 F.3d 251, 256 n. 5 (3d Cir. 2004).

---

[2]   Although this Court dismissed the Complaint in its entirety, Plaintiffs appealed that ruling only as to Counts One, Two, and Three of the Complaint. *See Associated Builders*, 836 F.3d at 416. Therefore, only those Counts remain in this action.

**III.     DISCUSSION**

Plaintiffs' Complaint alleges that the PLA Ordinance is preempted by § 7 or § 8 of the NLRA.  (Compl. ¶¶ 29-33.)  Given the Third Circuit's conclusion that Jersey City acted as a regulator, the PLA Ordinance is subject to review under labor law preemption standards.  *See Hotel Employees & Rest. Employees Union, Local 57 v. Sage Hosp. Res., LLC*, 390 F.3d 206, 216 (3d Cir. 2004) ("If a condition of procurement…reflects the government's action as a market participant [it] escapes preemption review.  But if the funding condition does not serve, or sweeps more broadly than, a government agency's proprietary economic interest, it must submit to review under labor law preemption standards.")

Although the NLRA contains no express preemption provision, a state or local rule is preempted by implication if it conflicts with federal law or would frustrate the federal scheme, or if the court discerns "from the totality of the circumstances that Congress sought to occupy the field to the exclusion of the States."  *Id.* at 211 (3d Cir. 2004) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985)).  The Supreme Court has outlined two implied-preemption doctrines around the NLRA.  *Id.* at 211.  First, preemption applies where there is state or local regulation of activities that are "protected by § 7 of the [NLRA], or where the regulation constitutes an unfair labor practice under § 8."  *San Diego Bldg. Trades Council, Millmen's Union*, *Local 2020 v. Garmon*, 359 U.S. 236, 244 (1959).  Second, preemption applies where there is state and local regulation of activities that are meant "to be controlled by the free play of economic forces."  *Lodge 76, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Wisconsin Employment Relations Comm'n*, 427 U.S. 132, 140 (1976) (internal quotation marks omitted).

This Court finds that the PLA Ordinance falls squarely within the scope of the two NLRA preemption doctrines outlined by the Supreme Court in *Garmon* and *Machinists*.³ Mandating that tax abatement recipients enter into a PLA with certain required terms, such as a no strikes or lockouts provision, directly intrudes on § 7 and § 8 of the NLRA. These sections of the NLRA "safeguard an employee's right to join, or refrain from joining, a labor union" and preempt "state and local laws that strip employers or employees of certain 'self-help' economic tools like strikes and lockouts." *See Associated Builders*, 836 F.3d at 417; *Sage*, 390 F.3d at 212 ("*Garmon* preemption prohibits regulation even of activities that the NLRA protects, prohibits, or arguably protects or prohibits.") (internal marks omitted); *see also Machinists*, 427 U.S. at 149 ("[N]either States nor the [National Labor Relations Board] is afforded flexibility in picking and choosing which economic devices of labor and management shall be branded as unlawful.") (internal quotation marks omitted). Because this Court finds that the PLA Ordinance is preempted by the NLRA, it is void *ab initio*.⁴ *See Sage*, 390 F.3d at 211.

---

³ This Court also notes that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," which includes "apprenticeship or other training programs." 29 U.S.C. § 1002(1), § 1144. The PLA Ordinance, which outlines the operation and reporting requirements of the Apprenticeship Program (*see supra* note 1), is therefore preempted by ERISA as well.

⁴ In its opposition to the instant motion, Jersey City contends that Plaintiffs are not entitled to judgment on the pleadings because there are material facts in dispute which require discovery. (Def.'s Br. at 9.) However, Jersey City enumerates only legal disputes to support this contention. (*Id*. at 9 – 10) ("For instance, there is a dispute as to whether the PLA Ordinance is preempted by ERISA and if Plaintiffs have standing to challenge the PLA Ordinance under the Dormant Commerce Clause. Moreover, Plaintiffs inaccurately argue that the Third Circuit determined that the City acts as a regulator in enacting and enforcing the PLA Ordinance under any and all circumstances.") These are not material issues of fact, but rather legal questions that can be resolved without discovery.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED** and enforcement of the PLA Ordinance on any tax-abated project is enjoined. An appropriate order follows.

                                                       /s/ Susan D. Wigenton
                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Steven C. Mannion, U.S.M.J.
                Parties