# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| ASSOCIATED BUILDERS AND CONTRACTORS, INC., NEW JERSEY CHAPTER, et al.,<br><br>    Plaintiffs,<br>v.<br><br>CITY OF JERSEY CITY, NEW JERSEY,<br><br>    Defendant. | Civil Action No.<br><br>2:14-CV-5445-SDW-SCM<br><br>**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br><br>**[D.E. 73]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

  Before the Court is the motion of Plaintiff Associated Builders and Contractors, Inc., et al. (collectively "Associated Builders") for an award of attorneys' fees after the Court's Order granting judgment on the pleadings.[1] The Honorable Susan D. Wigenton, U.S.D.J., referred the motion to the undersigned for a report and recommendation.[2] Upon consideration of the parties' respective submissions, I find that Associated Builders have failed to identify any statutory authority entitling it to fee-shifting and that a discretionary exercise of this Court's equitable authority to award attorneys' fees is not warranted in this case. For the reasons stated herein, it is respectfully recommended that Associated Builders' motion be **DENIED**.

---

[1] (ECF Docket Entry No. ("D.E.") 73). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] *See* L. Civ. R. 72.1(a)(2).

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Associated Builders is a non-profit corporation that represents the interests of more than one hundred New Jersey nonunion construction-industry employers.[3] In 2007, Defendant City of Jersey City ("Jersey City") passed an ordinance that granted a tax abatement for contractors engaged in large building projects and required the contractors to enter into a Project Labor Agreement.[4] The Project Labor Agreement must guarantee the absence of strikes; establish procedures to resolve labor disputes; and bind all contractors and subcontractors on the project.[5] Associated Builders allege that the Project Labor Agreement requirement adversely affects their ability to bid on tax-abated projects on an equal basis with unionized contractors.[6]

Associated Builders allege that the Project Labor Ordinance is preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.* They further allege that the Apprenticeship Requirement violates the Privileges and Immunities and/or Commerce clause of the U.S. Constitution, and that it is preempted by the Employment Retirement Security Act ("ERISA"), 29 U.S.C. §§ 1002(1), 1144. They also allege violations of 42 U.S.C. § 1983, the New Jersey Civil Rights Act, and several provisions in the New Jersey Constitution.[7]

On January 3, 2015, Jersey City moved to dismiss, and on August 3, 2015, the Court granted Jersey City's motion.[8] The Court dismissed the section 1983, state law, and remaining

---

[3] (D.E. 1, Compl. at ¶¶ 1-3).

[4] *Id*. at ¶¶ 9 and 10.

[5] (D.E. 33, Op. at 3).

[6] (D.E. 1, Compl. at ¶ 16).

[7] *Id*. at ¶¶ 37-42.

[8] (D.E. 34, Order).

constitutional claims on the grounds that the Court found no deprivation of the rights of Associated Builders. The Court discussed that "[p]laintiffs may still successfully bid for a tax-abated project, pursue non-union construction on projects that are not tax-abated, and create their own general labor policies outside of tax-abated projects."[9] In dismissing the other claims, the Court concluded that because Jersey City acts as a "market participant, not a regulator, when it enforces the law, …therefore [] the NLRA, ERISA, and dormant commerce clause claims were not cognizable."[10]

On September 1, 2015, Associated Builders filed a notice of appeal in the Third Circuit, appealing only the dismissal of their claims for NLRA preemption, ERISA, and the dormant commerce clause, and not the Court's dismissal of their claims under section 1983 and the New Jersey Civil Rights Act. On September 12, 2016, the Third Circuit stated, "[a]ppellants challenge only the District Court's ruling on NLRA, ERISA, and dormant commerce clause claims" and remanded the case for further proceedings.[11]

On remand, Associated Builders moved for judgment on the pleadings, which the Court granted, concluding that Section 304 of the Jersey City Municipal Code (the "Project Labor Ordinance") was preempted by sections 7 and 8 of the National Labor Relations Act and the Employee Retirement Income Security Act.[12] The Court found that "the PLA Ordinance falls squarely within the scope of the two NLRA preemption doctrines outlined by the Supreme Court

---

[9] (D.E. 33, Op. at 13).

[10] *Associated Builders and Contractors, Inc. et al. v. Jersey City*, 836 F.3d 412, 413 (3d. Cir. 2016) (describing procedural history).

[11] *Id*. at 416.

[12] (D.E. 71, Opinion).

3

in *Garmon* and *Machinists*.[13] Having prevailed on its NLRA and ERISA preemption claims, Associated Builders filed the instant motion for attorney fees.

II. **LEGAL STANDARD**

"Under the 'American Rule,' parties to litigation are to pay their own attorneys' fees, absent statutory authority and a court order providing otherwise."[14] Congress has provided statutory authorization for fee-shifting in section 1983 actions for the violation of constitutional rights. Under 42 U.S.C. § 1988, the prevailing party in a section 1983 claim is entitled to reasonable attorneys' fees and cost reimbursement. Congress has also authorized fee awards in ERISA suits. Specifically, "29 U.S.C. 1132(g)(1) provides that "[i]n any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

III. **DISCUSSION AND ANALYSIS**

A. Attorneys' fees under § 1983

The question before the Court is whether Associated Builders is entitled to section 1988 attorneys' fees when its section 1983 claim was dismissed. Section 1988 provides that the prevailing party in a section 1983 claim is entitled to reasonable attorneys' fees and cost reimbursement.[15] This Court dismissed Associated Builder's section 1983 claim,[16] and

---

[13] *Id*. at 5.

[14] *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 231 (3d Cir. 2008) (quoting *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't. of Health and Human Resources*, 532 U.S. 598, 602 (2001)).

[15] *See* 28 U.S.C. § 1988(b).

[16] *See* (D.E. 34).

Associated Builders did not appeal that ruling. While Associated Builders prevailed in their claims that the Project Labor Ordinance was preempted by ERISA and the NLRA, the general rule is that "section 1988 does not authorize awards of attorneys' fees in preemption cases."[17] A "Supremacy Clause claim, standing alone, would not support an award of attorney's fees under section 1988."[18]

While the NLRA implicitly establishes a federal right protected by section 1983 based on a *Machinists* preemption challenge, the Supreme Court has not yet recognized other NLRA Supremacy Clause claims as actionable under section 1983.[19] In declining to create a broad rule that all NLRA preemption challenges are actionable under section 1983, the Court discussed that "Section 1983 speaks in terms of rights, privileges, or immunities, not violations of federal law."[20] The Court further explained that the Supremacy Clause "does not create rights enforceable under section 1983," but "secure[s] federal rights by according them priority whenever they come in conflict with state law."[21]

---

[17] *Conservation Force v. Porrino*, No. 16-04124, 2017 WL 1488129, at *7 (D.N.J. April 25, 2017); *see also Segundo v. City of Rancho Mirage*, 813 F.2d 1387, 1394 (9th Cir. 1987).

[18] *Id*. (quoting *Planned Parenthood of Houston & Se. Texas v. Sanchez*, 480 F.3d 734, 738 (5th Cir. 2007).

[19] *See Golden State Transit v. City of Los Angeles*, 493 U.S. 105, 112 (recognizing a federal right protected by section 1983 based on a Machinists preemption challenge but distinguishing this from a challenge based on *Garmon* preemption.); *Union of Op. Engrs. v. Village of Lincolnshire, IL*, 228 F. Supp. 3d 824 (N.D. Ill. 2017).

[20] *Id*.

[21] *Id.* (internal citations omitted).

Here, the Court held that the PLA Ordinance was preempted by *Machinists* preemption as well as *Garmon* preemption.[22] Although Associated Builders would have been entitled to section 1983 attorneys' fees on its NLRA *Machinist* preemption claim had it successfully appealed the dismissal of its 1983 claim, Associated Builders chose not to. Therefore, because Associated Builders' section 1983 claim was dismissed and because Associated Builders did not appeal the dismissal and preserve the claim, the Court finds that attorneys' fees are not warranted.

### B. Attorneys' fees under ERISA

To determine whether attorneys' fees are warranted under ERISA, the Court assesses: (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position.[23]

As to the first *Ursic* factor, the Court does not find that Jersey City engaged in culpable conduct or acted in bad faith. Bad faith "normally connotes an ulterior motive or sinister purpose."[24] In contrast, culpable conduct "is commonly understood to mean conduct that is blameable, censurable,…at fault…[It] implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose."[25] Even assuming that Jersey City

---

[22] *See* (D.E. 71, Op. at 5).

[23] *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983).

[24] *McPherson v. Employees' Pension Plan of American*, 33 F.3d 253, 256-57 (3d Cir. 1994) (internal citations and quotations omitted).

[25] *Id.*

6

had realized that the Project Labor Ordinance may face a preemption challenge, this does not imply that it had an ulterior motive or sinister purpose in enforcing it. The Project Labor Ordinance, like similar efforts by other municipalities, was enacted to create jobs for City residents and facilitate the development of the City in blighted areas. Although Jersey City had previously faced litigation that resulted in the striking of an ordinance that required it to hire Jersey City residents, the Project Labor Ordinance was a different ordinance involving issues that were not identical. Although Associated Builders claims that the legal issues were so obvious that Jersey City's conduct was blameworthy, Associated Builders itself said this case involved "complex analysis and arguments which led to a published, precedential Third Circuit opinion" – when seeking attorneys' fees.[26] The Court finds that these issues were not simple and clear-cut such that Jersey City's actions constituted culpable conduct or bad faith.

The Court finds that the other *Ursic* factors also do not support an award of attorneys' fees. Jersey City is a public entity that has already adopted its 2017 annual budget and has no ability to pay the attorneys' fees of $186,070.73 without finding an additional revenue source or reducing jobs and/or services in 2018.[27] The Court finds that there is no conduct on the part of Jersey City that needs to be deterred; unlike ERISA cases in which a fee award deters a pension committee from being too quick to deny distributions or benefits to plan participants. Finally, the Court finds that both parties' positions had merit, especially because the district court initially determined that the City was enforcing the Project Labor Ordinance as a market participant, thereby rendering the NLRA and ERISA preemption claims not cognizable. Although the Third Circuit reversed the district court's decision, its opinion gave careful

---

[26] (D.E. 88, Plaintiffs' Reply Br. at 11).

[27] (D.E. 84-1, Certification of Kakoleski at ¶¶ 4 and 8).

7

consideration to the question of whether Jersey City was acting as a market participant. The resolution of these issues was not obvious, and Associated Builders even acknowledges that the issues involved "complex analysis and arguments which led to a published, precedential Third Circuit opinion."[28]

**IV.     RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully recommends that Associated Builders' motion for attorneys' fees be **denied**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[29] "The District Court need not consider frivolous, conclusive, or general objections."[30]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/16/2017 2:57:56 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
　　File

---

[28] *Id.*

[29] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[30] *See Battles v. United States Parole Comm.*, 834 F.2d 419, 421 (5th Cir. 1987).

8