**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATED BUILDERS AND CONTRACTORS, INC., NEW JERSEY CHAPTER, et al., | Civil Action No: 14-5445 (SDW) (SCM) |
| Plaintiffs, | **OPINION** |
| v. | |
| CITY OF JERSEY CITY, NEW JERSEY, | November 29, 2017 |
| Defendant, | |
| and | |
| HUDSON COUNTY BUILDING AND CONSTRUCTION TRADES COUNCIL, | |
| Intervenor-Defendant. | |

**WIGENTON**, District Judge.

Before this Court is Intervenor-Defendant Hudson County Building and Construction Trades Council ("Trades Council") and Defendant City of Jersey City, New Jersey's ("Jersey City") (collectively, "Defendants") Joint Motion for Reconsideration and/or Clarification[1] of this Court's June 15, 2017 Order. This Opinion is issued without oral argument pursuant to Federal

---

[1] Trades Council and Jersey City have filed separate Notices of Motion for Reconsideration (ECF Nos. 76 and 77). However, as Jersey City has chosen to rely solely on Trades Council's documents, facts, and arguments, this Court treats the separate docket entries as a single joint motion.

Rule of Civil Procedure 78. For the reasons stated herein, the Joint Motion for Clarification is **GRANTED**, and the Joint Motion for Reconsideration is **DENIED**.

I. BACKGROUND AND PROCEDURAL HISTORY

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to the instant motion.

On August 29, 2014, Plaintiffs Associated Builders and Contractors, Inc., New Jersey Chapter, GMP Contractors LLC, Alpine Painting and Sandblasting Contractors, Alper Enterprises, Inc., and Ron Vasilik (collectively, "Plaintiffs") filed suit against Defendant Jersey City. (Compl., ECF No. 1.) On September 23, 2014, Trades Council filed a Motion to Intervene, which this Court granted on October 16, 2014. (ECF No. 12.)

In their Complaint, Plaintiffs allege that a City Ordinance (the "Ordinance") that imposes certain restrictions on developers of tax-abated projects is preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq*.[2] (Compl. ¶¶ 29-33.) Plaintiffs also allege that the Ordinance's apprenticeship requirement[3] violates the Privileges and Immunities and/or the Commerce Clauses of the U.S. Constitution, and is preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(1), 1144. (*Id*. ¶¶ 34-39.)[4]

---

[2] The Ordinance requires all developers enter into a "Project Labor Agreement" ("PLA"), which is defined as "a contract between a labor organization and a developer." (Compl. ¶ 10.) The Ordinance identifies several provisions that must be included in any negotiated PLA before a project is approved for tax abatement, including: 1) guaranteeing the absence of "strikes, lockouts, or other similar actions[;]" 2) establishing procedures to resolve labor disputes that arise before the project's completion; and 3) binding all contractors and subcontractors on the project to the PLA. (Compl., Ex. A, § 304-35.)
[3] To provide training for Jersey City construction apprentices, the PLAs require a federally-registered apprenticeship program through which Jersey City apprentices would perform "twenty percent [] of the labor hours required" for the project unless there are not enough Jersey City apprentices available. (Compl., Ex. A, § 304-35.)
[4] Additional claims raised in the Complaint for violations of other federal and state laws (Compl. ¶¶ 40-48) are not at issue here.

2

On August 3, 2015, this Court granted Jersey City's motion to dismiss the Complaint in its entirety, finding that Jersey City acted as a market participant and not a regulator. (ECF Nos. 33-34.) On September 1, 2015, Plaintiffs filed a notice of appeal in the Third Circuit, appealing only the dismissal of their NLRA, ERISA, and dormant Commerce Clause claims, and not their 42 U.S.C. § 1983 or state law claims. (ECF No. 35.) On September 16, 2016, the Third Circuit concluded that Jersey City was acting as a regulator and remanded the case for further proceedings. *See Associated Builders & Contractors Inc. N.J. Chapter v. City of Jersey City*, 836 F.3d 412, 421 (3d Cir. 2016).

On February 17, 2017, Plaintiffs filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 58.) Plaintiffs moved to enjoin enforcement of the Ordinance on any tax-abated project, arguing that the Ordinance is preempted under the NLRA and ERISA, and is unconstitutional on its face under the dormant Commerce Clause. (*Id*.) On June 15, 2017, this Court granted Plaintiffs' motion, and enjoined enforcement of the Ordinance "on any tax-abated project." (ECF Nos. 71-72.) Defendants subsequently filed the instant motion to reconsider and/or clarify that decision. (ECF Nos. 76- 77.)

## II. LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Skelcy v. United Health Grp.*, No. 12-1014, 2014 WL 9910576, at *1 (D.N.J. Nov. 14, 2014) (quoting *Lynch v. Tropicana Prods., Inc.*, No. 11-7382, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013)). In contrast, the purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also Asirifi v. Omni Asset Mgmt., LLC*, No. 11-4039, 2013 WL 4858711, at *1 (D.N.J. Sept. 11, 2013).

A party seeking reconsideration must establish one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). Reconsideration is granted sparingly as it is considered an extraordinary remedy. *J.J.C. Boats, Inc. v. Hlywiak*, 573 F. Supp. 2d 871, 873 (D.N.J. 2008). A motion for reconsideration will not be granted where the moving party is simply seeking to set forth the reasons why it disagrees with the court's decision or is asking "the court to analyze the same facts and cases it had already considered in reaching its original decision." *Tehan v. Disability Mgmt. Servs.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000). As Defendants fail to establish any basis for reconsideration of this Court's June 15, 2017 Order, their Motion for Reconsideration will be denied. This Court will, however, provide clarification as to the scope and application of its June 15th Opinion and Order.

### III. DISCUSSION

Specifically, Defendants seek further guidance as to whether this Court's Opinion and Order: (1) voids the Ordinance entirely, or only as it applies to tax-abated projects; and (2) retroactively and/or prospectively voids PLAs entered into pursuant to the Ordinance. (*See* Defs.' Br. at 1, 3.)

    a. <u>Scope of June 15, 2017 Opinion and Order</u>

As a threshold matter, this Court's holding that the Ordinance is void *ab initio* only pertains to tax-abated, private construction projects. Although the Ordinance imposes requirements on both public and private construction projects, the only dispute before this Court has been the enforceability of the Ordinance as to tax-abated projects.[5] On appeal, the Third Circuit also noted, "Appellants challenge the legality of PLAs as they relate to Tax Abated Projects, not Public

---

[5] Both parties acknowledge that the Complaint only seeks to enjoin enforcement of the Ordinance on tax-abated projects. (Defs.' Br. at 2; Pls.' Opp'n Br. at 1 n.1.)

4

Construction Projects. Therefore, we do not decide whether the city is acting as a market participant with respect to the latter set of projects." *Associated Builders*, 836 F.3d at 416 n.9. In the same vein, this Court's holding that the Ordinance is void *ab initio* only pertains to tax-abated, private construction projects.

b. <u>PLAs Entered into Pursuant to Preempted Ordinance</u>

As to the application of this Court's June 15th ruling, the Third Circuit has suggested that when a city's ordinance is preempted by federal labor law, agreements executed pursuant to that ordinance "may be deemed void." *See Hotel Emps. & Rest. Emps. Union, Local 57 v. Sage Hosp. Res., LLC*, 390 F.3d 206, 211 (3d Cir. 2004) (noting the effect of preemption in dicta, as the court held that the ordinance was exempt from preemption review). Such a broad approach would require this Court to apply its ruling retroactively. However, taking into consideration Defendants' concern that certain projects have already been completed, and that retroactive application of the June 15th ruling would upend completed projects and payments, this Court holds that the application of the June 15, 2017 Opinion and Order is not retroactive. *See Arabia v. Zisman*, 362 A.2d 1221 (N.J. Super. Ct. Ch. Div. 1976) (prospectively invalidating all agreements entered into under the color of an invalid city ordinance). Consequently, PLAs for tax-abated projects completed prior to this Court's June 15th ruling will remain undisturbed. With respect to the PLAs on the approximately eight (8)[6], active, tax-abated projects, this Court holds that the ruling does not apply to completed components of those projects. However, the PLAs, as they apply to any incomplete components of those projects, are void and unenforceable as of June 15, 2017.

Any suggestion that Defendants were unaware that the PLAs might be voided as a result of the instant suit is disingenuous. First, in its Motion to Intervene, Trades Council argued, "if the

---

[6] *See* Affidavit of Seth Ptasiewicz ¶ 4, ECF No. 76-3; Def's. Br. at 7.

5

Court finds in favor of Plaintiffs then the PLAs presently in effect at tax abated jobsites . . . , which were signed by the proposed intervener will be restrained from being enforced thereby depriving the proposed intervener of its interest in enforcing the PLAs it has signed . . . ." (Br. Supp. Mot. Intervene at 13-14, ECF No. 6-3.) Second, the Complaint clearly seeks to have Defendants "restrained from requiring the execution and enforcement of a PLA on any Tax Abated Project." (Compl. at 13.) Once Trades Council intervened as a Defendant, it was "for all intents and purposes, an original party[,]" and the relief sought applied to Trades Council as well as Jersey City. *See Godfrey L. Cabot, Inc. v. Binney & Smith Co.*, 46 F. Supp. 346, 347 (D.N.J. 1942).[7]

### IV. CONCLUSION

For the reasons set forth above, Defendants' Joint Motion for Clarification is **GRANTED**, and Defendants' Joint Motion for Reconsideration is **DENIED**. An appropriate Order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Steven C. Mannion, U.S.M.J.
        Parties

---

[7] In the alternative, Defendants argue that because the PLAs have arbitration provisions, the Court should defer to designated arbitrators to determine whether the PLAs are void or voidable. (Defs.' Br. at 20.) Defendants do not suggest that this issue was previously "brought to the [C]ourt's attention but not considered." *Ivan v. Cty. of Middlesex*, 612 F. Supp. 2d 546, 551 (D.N.J. 2009). Therefore, new arguments will not be entertain in a Motion for Reconsideration that could have been raised in opposition to Plaintiffs' Motion for Judgment on the Pleadings.